IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL WHISBY,
    Petitioner,

v.

WARDEN FCI-ALLENWOOD,
    Respondent.

Civil Action No. 3:14-cv-1377

(Judge Mariani)

FILED
SCRANTON
AUG 04 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

On July 16, 2014, Petitioner, Michael Whisby, an inmate currently confined at the Allenwood Federal Correctional Institution, in White Deer, Pennsylvania ("FCI-Allenwood"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). He challenges a conviction and sentence imposed by the United States District Court for the Southern District of Florida. (Doc. 1). For the following reasons, the habeas petition will be transferred to the Southern District of Florida.

I.    **Background**

On March 3, 1993, a federal grand jury returned an Indictment in the Southern District of Florida, charging Whisby with one count of conspiracy to possess with intent to distribute cocaine and one count of carrying a firearm during and in relation to a drug trafficking crime. *United States v. Whisby, et al.*, Criminal Action No. 1:93-cr-00107 (S.D. Fl.). On November 8, 1993, a jury found Whisby guilty on both counts, consisting of violations of 21 U.S.C. § 841 and 18 U.S.C. § 924. *Id.* at (Doc. 57). On January 28, 1994,

Whisby was sentenced to a term of life imprisonment as to count one, and five years imprisonment as to count two, to run consecutively to count one, followed by a term of supervised release of ten years. *Id.* at (Doc. 73). Whisby filed a timely appeal. *Id.* at (Doc. 76). On April 12, 1995, the Eleventh Circuit Court of Appeals affirmed Whisby's conviction and sentence. *Id.* at (Doc. 89).

On November 4, 1997, Whisby filed his first motion to vacate pursuant to 28 U.S.C. § 2255. *Id.* at (Doc. 122). The District Court denied the motion on April 8, 1998. *Id.* at (Doc. 131).

On October 18, 2007, Whisby filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(3) challenging his sentence, alleging fraud and misrepresentation. *Id.* at (Doc. 157). The District Court denied the motion and Whisby appealed. *Id.* at (Doc. 158). The Eleventh Circuit Court of Appeals affirmed the District Court's denial of the Rule 60(b)(3) motion. *United States v. Whisby*, 323 Fed. Appx. 781 (11th Cir. 2009). The Court of Appeals noted that Rule 60(b) does not provide relief from a judgment in a criminal case, and that because Whisby's Rule 60(b)(3) motion challenged the sentence imposed in his original criminal proceedings, the District Court did not have jurisdiction to consider it. *Id.*

On April 22, 2014, Whisby filed another § 2255 motion to vacate sentence in the District Court arguing that he was entitled to relief pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), on the basis that the drug quantity was not proven beyond a reasonable

2

doubt. *Whisby v. United States of America*, Civil Action No. 1:14-cv-21432 (S.D. Fl.). On May 29, 2014, the District Court denied the motion as successive and found that Whisby did not seek authorization from the Eleventh Circuit Court of Appeals to file a successive motion. *Id.* at (Doc. 8). The Court further determined that Whisby could not collaterally challenge his conviction based on the jury's failure to determine the drug quantity involved in the offense because *Alleyne* does not apply retroactively on collateral review and Whisby's conviction became final long before *Alleyne* was decided. *Id.*

Whisby acknowledges that he did not seek permission from the Eleventh Circuit Court of Appeals to file a successive section 2255 motion, stating that he cannot meet the requirements for filing a successive motion. (Doc. 1, p. 10).

On July 16, 2014, Whisby filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he once again challenges his conviction and sentence from the Southern District of Florida. (Doc. 1). Whisby again relies on *Alleyne* to support his petition. *Id.*

## II.     Standard of Review - Screening

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v.*

*Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## III. Discussion

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *OKereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement so that they can be addressed more efficiently." *Fraser v. Zenk*, 90 Fed. Appx. 428, 430 n.3 (3d Cir. 2004), citing *United States v. Hayman*, 342 U.S. 205, 210-19 (1952).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. *See* 28 U.S.C. § 2255(e); *OKereke*, 307 F.3d at 120 (explaining that this exception is extremely narrow). "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would

prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.'" *Yuzary v. Samuels*, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002)). Importantly, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* Section 2255 may be inadequate or ineffective where the prisoner is imprisoned for conduct that the Supreme Court later determines is not criminal and where the prisoner did not have an opportunity to raise his claim in a § 2255 motion. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction." *Id.*, citing *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence.").

Whisby's claim, that the sentencing court violated the Fifth, Sixth and Fourteenth Amendments, as interpreted in *Alleyne*, by failing to submit a fact that increased Whisby's mandatory minimum sentence to the jury, is within the scope of claims cognizable under § 2255. Accordingly, this Court lacks jurisdiction to entertain his claim under § 2241 unless Whisby shows that § 2255 is an inadequate or ineffective remedy. *See* 28 U.S.C. § 2255(e). Section 2255 is not inadequate or ineffective for this claim because Whisby does

not contend that, as a result of *Alleyne* (or another Supreme Court ruling subsequent to his § 2255 motion), the conduct for which Whisby was convicted, conspiracy to possess with intent to distribute cocaine and carrying a firearm during the crime, became non-criminal. *See Okereke*, 307 F.3d at 120 (holding that § 2255 is inadequate or ineffective only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application."); *Dorsainvil*, 119 F.3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent"), *quoting Davis v. United States*, 417 U.S. 333, 346 (1974).

Whisby specifically argues that he was sentenced on facts not alleged in the Indictment, that he is actually innocent of the sentence enhancement, that he should have received a significantly lower federal sentence, and that his equal protection rights will be violated if he is not re-sentenced based on *Alleyne*. (Doc. 1, pp. 5, 8, 18). Whisby set forth the same arguments in his most recent section 2255 motion filed with the sentencing court. *See Whisby,* No. 1:14-cv-21432 at (Docs. 1, 4). Whisby argued that the drug quantity involved in his offense was not proven beyond a reasonable doubt and that the sentencing court made factual findings regarding the drug quantity. *Id.* He further argued that his equal protection rights would be violated if he is not re-sentenced. *Id.* The sentencing court

ultimately determined that Whisby was not entitled to relief pursuant to *Alleyne* because it does not apply retroactively, and Whisby did not seek authorization to file a successive motion from the Eleventh Circuit Court of Appeals. *Id.* at (Doc. 8). The sentencing court specifically advised Whisby to apply to the Eleventh Circuit Court of Appeals for the authorization required by § 2244(b)(3)(A) and provided him with the proper form.[1] *Id.* at (Docs. 5, 8).

To date, Whisby has not has applied with the appropriate Court of Appeals for authorization to file a successive motion.[2] Whisby's proper recourse is to seek permission from the Eleventh Circuit Court of Appeals to file a successive section 2255 motion in the sentencing court. *See Gordon v. United States*, 209 Fed. Appx. 173 (3d Cir. 2006) (affirming the District Court's decision that it lacked jurisdiction over the inmate's § 2241 habeas petition challenging his conviction on weapons and robbery counts since such claims were within the purview of § 2255 and the inmate did not seek permission from the Court of Appeals to file a second or successive § 2255 motion).

Moreover, *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000),

---

[1] On April 28, 2014, the District Court for the Southern District of Florida stated, "if movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. § 2244(b)(3)(A). Movant will be provided with a form to apply for such authorization with this report." *Whisby v. United States of America,* Civil Action No. 1:14-cv-21432 at (Doc. 5, p. 8).

[2] *See* United States Court of Appeals for the Eleventh Circuit, Docket Sheets, available at: http://pacer.ca11.uscourts.gov/dktno2.fwx

in which the Supreme Court held that a defendant has a right under the Sixth Amendment to a jury finding beyond a reasonable doubt of all facts that increase the sentence beyond the statutory maximum. *Alleyne* applied *Apprendi* to facts that increase the mandatory minimum sentence, and the Third Circuit Court of Appeals held in *Okereke* that a district court lacks jurisdiction to entertain an *Apprendi* claim under § 2241. Similarly, this Court lacks jurisdiction to entertain an *Alleyne* claim under § 2241. *See Jackman v. Shartle*, 535 Fed. Appx. 87 (3d Cir. 2013) (finding that "[b]ecause we have held that *Apprendi* claims must be brought pursuant to § 2255, not § 2241, *see Okereke*, 307 F.3d at 120-21, it follows that *Alleyne* claims must be brought pursuant to § 2255 as well"). Thus, the Court may dismiss Whisby's § 2241 petition because he has not shown that § 2255 is an inadequate or ineffective remedy for his challenge to his sentence. However, in the interest of justice, this matter will be transferred to the sentencing court, the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...").

## IV. Conclusion

Upon review, this Court does not have jurisdiction to entertain the instant habeas petition. Whisby's claims are governed by 28 U.S.C. § 2255 and must be filed in the court of conviction, which is the United States District Court for the Southern District of Florida.

A separate Order follows.

Date: August 4, 2014

Robert D. Mariani
United States District Judge